## SUPREME COURT.

JAMES R. WOOD and others, surviving executors and trustees under the will of JAMES ROWE, deceased, agt. VIOLA YATES MITCHELL and others.

*Will — construction of — Half blood sisters entitled to share in distribution.*

Where a testator directs the payment of a part of his estate, with its accumulations, to a granddaughter at her majority, and in case of her death, before becoming of age without issue, " to her then living brother and sisters and the issue of any deceased brother or sister," and said granddaughter died unmarried before attaining her majority, leaving her surviving two sisters and brother of the whole blood and two sisters of the half blood :

*Held*, that the two sisters of the half blood are entitled to a distributive share.

*Special Term, April,* 1881.

*Austin Abbott*, for plaintiffs.

*Joseph S. Bosworth* and *George C. De Witt*, for defendants.

Wood agt. Mitchell.

LARREMORE, *J.*— James Rowe, by his will, dated February 19, 1868, after making provision for the payment of his debts, directs a sale of all his residuary estate by his executors and an investment by them of a certain portion thereof for the benefit of his wife and son, Henry C. Rowe. He further directs that the balance be divided into seven equal parts and invested, and that the income thereof be applied to the use of his six daughters therein named, and upon their respective deaths, that the principal and unappropriated income thereof be distributed among their living lawful issue *per stirpes.* Said will further provided that in case either of said daughters should die, leaving no lawful issue her surviving, that such principal and unappropriated income shall be paid over to such persons (and in such shares and proportions) as by the present laws of the state of New York would take personal property of which the testator died possessed had he died intestate. The remaining one-seventh of the estate the testator disposed of as follows :

" *Seventh.* I order and direct my said executors, the survivors and survivor of them, and such of them as shall act, to subdivide the remaining seventh part of the proceeds of may said real and personal estate into four equal parts, and to invest and accumulate one of said equal fourth parts until the arrival at full age or the death of my granddaughter Viola Yates, child of my deceased daughter Cordelia Yates, whichever shall first happen, and upon her arrival at the age of twenty-one years to pay over the same, with its accumulations, to my said granddaughter ; and in case of her death prior to attaining that age, to pay over the said fourth part, with its accumulations, to her lawful issue ; and in default of issue of my said granddaughter living at her death, then to pay over the same, with its accumulations, to her then living brothers and sisters and the issue of any deceased brother or sister who shall have died leaving lawful issue then living, each then living brother and sister of hers taking one equal share thereof, and the issue of any deceased brother or sister of hers

taking, by representation, the share the parent of such issue would have taken if living. And to invest and accumulate one other of said equal fourth parts until the death or arrival at full age, whichever shall first happen, of my granddaughter Adelaide Yates, child of my deceased daughter Cordelia Yates, and upon her arrival at the age of twenty-one years, to pay over the same, with its accumulations, to her; and in case of her death prior to her attaining the said age, to pay over the said fourth part, with its accumulations, to her lawful issue ; and ·in default of issue of my said granddaughter Adelaide living at her death, then to pay over the same, with its accumulations, to her then living brothers and sisters and the issue of any deceased brother or sister who shall have died leaving lawful issue then living, each then living brother and sister of hers taking one equal share thereof, and the issue of any deceased brother or sister of hers taking, by representation, the share the parent of such issue would have taken if then living. And to invest and accumulate one other of said equal fourth parts until the arrival at full age or death, whichever shall first happen, of my grandson Henry Yates, child of my deceased daughter Cordelia Yates ; and upon this, at the age of twenty-, one years, to pay over the same to him, with its accumulations, and in case of his death prior to attaining said age, to pay over the said fourth part, with its accumulations, to his lawful issue; and in default of issue of my said grandson Henry living at his death, then to pay over the same, with its accumulations, to his then living sisters and the issue of any deceased sister who shall have died leaving lawful issue then living, each then living sister of his taking one equal share thereof, and the issue of any deceased sister of his taking, by representation, the share the parents of such issue would have taken if living. And to invest and accumulate the remaining one equal fourth part until the arrival at full age or death, whichever shall first happen, of my granddaughter Catherine Yates, child of my deceased daughter Cordelia Yates, and .upon her arrival at the age of twenty-one years, to pay over

Wood agt. Mitchell.

the same, with its accumulations, to her; and in case of her death prior to attaining said age, to pay over the said fourth part, with its accumulations, to her lawful issue; and in default of issue of my said granddaughter Catherine living at her death, then to pay over the same, with its accumulations, to her then living brother and sisters and the issue of any deceased brother or sister who shall have died leaving lawful issue then living, each then living brother and sister taking one equal share thereof, and the issue of any deceased brother or sister of hers taking, by representation, the share the parent of such issue would have taken if then living."

By a codicil to the will, dated April 8th, 1871, the testator revoked the provisions therein as to his daughters Maria C. Shepard and Louisa Cornell, giving other and further directions as the disposition of their respective shares, but in other respects ratifying and confirming his foregoing will.

The testator died October 18, 1871, and his will and codicil were admitted to probate December 11, 1871. His daughter Cordelia Yates died prior to 1860, leaving her surviving, her husband Charles Yates and four children, being the grandchildren named in the seventh subdivision of the will. They were as follows: Viola Yates, now the wife of Ovine P. Mitchell; Adelaide Yates, now the wife of George C. Freeborn; Henry Yates; Catharine Yates, who died November 30, 1874, unmarried and before having attained her majority. Said Charles Yates, the father of said Catherine, as aforesaid, in October, 1860, married Josephine S. Bosworth, by whom he had issue Frances Yates and Stella Yates. Catherine Yates, therefore, left her surviving Viola Yates, Adelaide Yates and Henry Yates, sisters and brother of the whole blood; Frances Yates and Stella Yates, sisters of the half blood.

The question presented for adjudication is whether, under the testator's will, as republished and reaffirmed by its codicil, Frances and Stella Yates are entitled to a distributive share of the estate of their deceased half-sister.

It was urged on the argument that no such estate vested in

Catherine as upon her death would become the subject of inheritance from her by her next of kin; that as she had but one brother and two sisters of the whole blood, the limitation to "her then living brother and sisters" must be understood in the natural and ordinary sense of children of the same parents.

It will be conceded that the legal and common presumption is in favor of the usual line of descent, unless a contrary intention is manifested by the testator (*Barnes* agt. *Greenbach*, 1 *Edw. Ch.*, 41; *Hussey* agt. *Burkley*, 3 *Edw. Ch.*, 194; *Cutter* agt. *Doughty*, 23 *Wend.*, 513; 7 *Hill*, 305; *Jarman on Wills*, [2d vol.], 665; *Grieves* agt. *Rawley*, 10 *Hun*, 63; *Quinn* agt. *Hardenbrook*, 54 *N. Y.*, 86; *Scott* agt. *Guernsey*, 48 *N. Y.*, 106).

A sister is defined to be a "woman who has the same father and mother with another, or has one of them only; in the first case she is called sister, simply; in the second, half sister" (*Bouvier's Law Dictionary*).

The testator in this case directed that the six shares of his daughters dying intestate should be paid unto such persons and parties as, by the present laws of New York, would take personal property of which he died possessed and intestate. In such case it seems to have been his intention to convert such share in personal property. In that event one-fourth of one-seventh — or one-twenty-eighth — part of his estate would have vested in Catherine Yates, and would, in case of her death, have gone to her next of kin, half and whole blood sharing in the distribution (2 *R. S.*, 75 [*Edmunds' edition*], 101).

Of this the testator is presumed to have had knowledge, for Mr. Yates was married, and his daughters Stella and Frances were in *esse* when the will was made. It was confirmed by the codicil, and thus made to speak from the date of its republication (*Van Alstyne* agt. *Van Alstyne*, 28 *N. Y.*, 375).

There can be no doubt that if his daughter Cordelia had

been alive, the testator would have made the same provision for her that he did for her sisters. As she was dead, her share was given to her children, with remainder over in case of their death during their minority. In the latter event the portion of the one so dying would have vested in the survivors.

The intention of the testator, says the law, must be gathered from the whole will (*Mann* agt. *Mann*, 14 *Johns.*, 1; *Lovett* agt. *Gillender*, 35 *N. Y.*, 64), and construed in connection with the codicil (*Wescott* agt. *Cady*, 5 *Johns. Ch.*, 334; *Howe* agt. *Van Schaick*, 3 *N. Y.*, 538). By its terms the estate is converted into personalty, as such to be distributed. There is no express limitation in the will to lineal descendants. Such limitation first appears in the codicil as to two shares only; and the distinction thus made and the reaffirmation of the will evince a determination on the part of the testator that the remaining shares of the estate should, upon the happening of the contingencies above mentioned, be paid unto such persons and parties as by the present laws of New York would take personal property of which he died possessed and intestate. Such disposition of his property is directed in six clauses of the will, and no other or different intention in this respect is shown by the seventh clause. By it, in case of the death during minority of either of the grandchildren without issue, their respective shares were to be paid, as to Viola and Adelaide, to her then living brothers and sisters; as to Henry, to his then living sisters; as to Catherine, to her then living brother and sisters; each then living brother and sister taking one equal share.

It is evident that the testator intended a like provision for each grandchild; and the use of the term "brothers" in two instances, and "brother" in another, should not be allowed to impair the general scheme of disposition presented by the will.

Stella and Frances were "sisters" of Catherine within the meaning of the law; and the testator must be presumed to

have used that term in its ordinary or primary meaning, as it does not appear from the seventh clause or the context that he used it in any other or secondary sense (*Cromer* agt. *Pinckney*, 3 *Barb. Ch.*, 466).

The direction to pay over Catherine's share to "her then living brother and sisters, and the issue of any deceased brother or sister, who shall have died," is confirmatory of the theory that no restriction to brothers and sisters of the whole blood was intended. Henry was Catherine's only living brother. This fact was known to the testator. He must also have known that it was impossible that Catherine should leave her surviving a living brother and also issue of a deceased brother, unless one of such brothers were of the half blood.

For the reasons above stated I am of opinion that Stella and Frances Yates are entitled to a distributive portion of the share of their sister Catherine Yates under the will of James Rowe, deceased.